# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

FELTON L. MATTHEWS, JR.,

    *Petitioner*,

vs.

NEVENS,

    *Respondent.*

2:12-cv-00236-KJD-CWH

ORDER

    This habeas action comes before the Court on petitioner's application (#1) to proceed *in forma pauperis* and for initial review of the petition. On the application to proceed *in forma pauperis*, the Court finds that petitioner is unable to pay the $5.00 filing fee. The application therefore will be granted, subject to the proviso noted *infra*.

    Turning to initial review, petitioner must file a petition on the Court's required § 2254 petition form. Petitioner filed the present petition on a form for a petition under 28 U.S.C. § 2241. He challenges, *inter alia*, a prison disciplinary decision allegedly leading to a loss of statutory sentencing credits. The determination of whether a petitioner must proceed under 28 U.S.C. § 2254 rather than 28 U.S.C. § 2241 is a status inquiry directed to the source of the petitioner's custody rather than the target of his challenge. *See,e.g.*, *Shelby v. Bartlett*, 391 F.3d 1061, 1063-64 (9th Cir. 2004). Petitioner is in custody pursuant to a Nevada state conviction. He therefore must proceed under § 2254, and he accordingly must use the Court's required § 2254 form as required by Local Rule LSR 3-1.

IT THEREFORE IS ORDERED that the application (#1) to proceed *in forma pauperis* is GRANTED such that petitioner will not be required to pay the $5.00 filing fee.

IT FURTHER IS ORDERED that the Clerk of Court shall file the petition and that the petition is DISMISSED without prejudice.[1]

The Clerk shall enter final judgment accordingly, dismissing the action without prejudice.

DATED: February 16, 2012

_____
KENT J. DAWSON
United States District Judge

---

[1] The Court expresses no opinion as to whether the petition or claims therein are subject to other deficiencies. *Inter alia*, the Court has analyzed the pauper application under the rules applicable to habeas petitions rather than those applicable to prison civil rights actions given that petitioner presents at least one claim that, at least as currently alleged, may be a habeas corpus claim. Nothing herein involves any tacit holding that all of the claims presented are cognizable in habeas corpus. Petitioner has three or more strikes under 28 U.S.C. § 1915(g), and he therefore may not pursue a prison civil rights action without prepaying the full $350.00 filing fee. Nothing herein precludes a holding by the Court, in any action, that petitioner must pursue claims presented on a habeas petition form instead in a civil rights action after additionally satisfying all requirements of the Prison Litigation Reform Act.